Motor Transport Company, Appellant, vs. Public Service Commission, Respondent.

Yellow Truck Lines, Inc., Appellant, vs. Same, Respondent.

*October 13—November 16, 1948.*

498

For the appellants there was a brief by *A. M. Sells* and *C. T. Young,* both of Milwaukee, for the Motor Transport Company, and by *R. W. Peterson* of Madison, for the Yellow Truck Lines, Inc., and oral argument by *Mr. Peterson.*

*James Ward Rector,* counsel, for the respondent Public Service Commission.

*Philip H. Porter* of Madison, for the applicant Spring City Trucking Company.

ROSENBERRY, C. J.   The objectors filed a joint brief in this court and we shall treat the matter as a single proceeding inasmuch as the same points are raised by each of the objectors.

The principal contention of the objectors here is that the Public Service Commission has no authority under the statutes to restrict the operations of a common carrier in the discharge of its duties and obligations.

It is argued that when one applies for and receives a common-carrier certificate he must serve the entire public in his certificated territory, that the statutes contemplate only one type of common motor carrier and that their obligations to the public are equal and similar, and in particular that the authority conferred by sec. 194.27 (1), Stats., which provides:

"Subject to the terms of their certificates, and subject to any regulations which may be imposed under the provisions of sections 194.08 and 194.33, a common motor carrier of property shall be authorized to engage in pickup and delivery service in connection with its transportation throughout every city or village in which it operates and which it serves, and in such other territory as the commission shall define."

cannot be restricted by the commission and for that reason the restriction incorporated in the certificate granted to the Spring City Trucking Company is invalid.

Prior to the advent of motor-transportation service it was not customary for common carriers to render transportation from door to door. Goods were deposited at a depot, were transported and delivered at a depot, and were brought to and taken from these depots by the consignor and consignee. Some question arose in the beginning as to whether common motor carriers could perform this particular type of service, and in order to make it clear that such authority might be granted sec. 194.27, Stats., was enacted. At that time ch. 194 of the statutes of 1931 was rewritten, revised, and amended, and among other provisions inserted in the law was that relating to pickup and delivery service.

We are unable to discover anything in the history of the statute upon which can be based a conclusion that the provision in regard to pickup and delivery service has any different status than any of the other powers, obligations, and privileges of a common motor carrier. Common motor carriers are forbidden (sec. 194.23, Stats.) to operate a motor vehicle as a common motor carrier without a certificate. Sec. 194.18 defines the powers and duties which are to be exercised by the commission in the regulation of common motor carriers. By sub. (4) the commission has power "to regulate the facilities, accounts and service of each such common motor carrier;" and by sub. (9) "to supervise and regulate such common motor carriers in all matters affecting their relationship with the public and with other common carriers and with each other, to the end that adequate service at reasonable rates shall be afforded."

Sec. 194.23, Stats., provides:

". . . The commission shall have power, as the public interest may require, upon a finding of public convenience and necessity, to issue or refuse any such certificate or amendment or to issue it for the partial exercise only of the privilege sought. The commission may attach to the exercise of the

privilege granted by such certificate or amendment such terms and conditions as in its judgment the public interest may require and as are permitted under this chapter. . . ."

Certainly under these provisions of ch. 194, Stats., the giving or refusing to give a certificate authorizing pickup and delivery service is just as much within the jurisdiction of the public service commission as is the granting or refusing to grant any other power or privilege to a common motor carrier.

Under the provisions of this certificate the Spring City Trucking Company is authorized to act as a common motor carrier within restricted limits. That is, between Milwaukee and Waukesha. The fact that the restriction applies between two terminal points in no way affects the power of the commission. Having found that the public interest requires a certificate of convenience and necessity it may grant a certificate for the partial exercise only of the privilege sought.

Sec. 194.27, Stats., expressly provides that the granting of a pickup and delivery service shall be subject to the terms of the certificate issued to a common motor carrier.

We can see no force to the argument that the authority granted by sec. 194.27, Stats., rests upon any different basis than any other authority which may be exercised by common motor carriers under the statute.

By way of argument the commission in its opinion stated:

"This door-to-door daytime service in this particular territory—which will be discussed later—differentiates the plan of operation from the usual common-motor-carrier freight proposal entailing the use of pickup and delivery trucks, dock facilities, and usually next-day delivery. Thus, the planned operations are not comparable to ordinary common-motor-carrier service and require a new approach. In the usual common-motor-carrier application for competitive authority an additional service similar to that offered by other common carriers is proposed. Here a different service is offered. . . .

In this proceeding the need shown is for the type of service proposed more than for an increase in the quantity of service now available."

On the basis of this language the objectors argue that the Public Service Commission found that there was no need for additional general and ordinary motor-carrier service between the cities in question, but nevertheless issued a common-motor-carrier certificate, limited and restricted in certain regards. The decision of the commission pointed out that it was not issuing a certificate providing for common motor carriage of freight as that term is generally accepted. This language is found in the abridgment of the record.

In the first place the Public Service Commission made no such finding as that indicated. The statement complained of is found in the opinion of the commission and is made by way of argument and comment. The findings made by the commission have been set out in full and we find nothing in these findings to support the contention of the objectors. We are not called upon to take up and refute statements made by the commission in its opinion by way of comment and argument. Sec. 227.13, Stats., gives effect to the finding of the commission and not to the language of its opinion or comment made by way of argument.

*By the Court.*—Order affirmed.

BROADFOOT, J., took no part.